WILLIAM R. LAUNT, APPELLEE, V. VILLAGE OF OAKDALE, APPELLANT.

FILED JANUARY 9, 1911.    No. 16,246.

1. **Municipal Corporations:** LIABILITY FOR SERVICES: EVIDENCE: PRESUMPTIONS. In an action for services superintending an improve-

ment of water-works owned by a village, such improvement hav-
ing been completed and all other bills therefor paid by the village
board, it will not be presumed that the improvement was made
without recommendation and approval of the water commissioner,
there being no evidence so indicating.

2. ———: ———. If one agrees to perform a certain service for a
village gratuitously, he may withdraw such promise at any time
before the same is performed, and notice of such action is suf-
ficient if duly given to one member of a committee of the village
board in charge of the improvement upon which the services are
performed, and if the committee then continues his employment
the village will be liable for the value of the services thereafter
rendered.

APPEAL from the district court for Antelope county:
ANSON A. WELCH, JUDGE. *Affirmed.*

*M. D. Tyler,* for appellant.

*N. D. Jackson* and *C. H. Kelsey, contra.*

SEDGWICK, J.

The plaintiff sued the village of Oakdale to recover
for his alleged services in superintending changes made
in the pumping station and wells of the water-works
owned by the defendant. He recovered a judgment in
the district court, and the defendant has appealed to
this court.

The evidence shows that the pumps failed to furnish
sufficient water because they were placed too high above
the supply. The village board appointed a committee
of two members to attend to the matter. The members
of this committee negotiated with the plaintiff and an
excavation was made, walled up with cement blocks,
dropping the pumps some 16 feet lower. The plaintiff
superintended this work and also performed some of the
labor himself. The principal contention on the part of
the defendant is that the evidence is not sufficient to
justify the verdict and judgment. The plaintiff testifies
that his services were worth $5 a day. Another witness,

24

who appears to have some knowledge of such matters, testifies the same. This is all of the evidence that was offered by either party upon that point. Plaintiff also testified that he began the improvements in the fore part of April, and that the work was carried on from time to time until the latter part of October, 1907, and that he devoted more than 60 days to the work. Afterwards, upon cross-examination, he stated that he was employed 60 days on the work. The members of the committee of the village testify that the plaintiff offered to do the work and not make any charges against the village. Plaintiff testified that before commencing the work he told the committee that he would not make any charges unless the work was successful. This discrepancy in the testimony is not of much importance, because soon after the work was begun the plaintiff had conversation with the committee in which he testifies that he told them that he expected to be paid for the work. The members of the committee testified that his language was that he thought if his work was successful he ought to be paid. The court instructed the jury that, if they found that the plaintiff notified the defendant's committee that he did expect pay for the work, and if, knowing this, the committee continued him in the work, the defendant would be liable for the value of the services.

It is insisted in the brief that nothing can be recovered by the plaintiff because he had no valid contract with the city to perform the work, and this contention is based upon two propositions: That the village itself could not enter into a contract for the repairing of its water-works system, unless the same was recommended and approved by the water commissioner, and that the evidence does not show that the two members of the committee acted together in making the supposed contract with the plaintiff. It appears that other men were employed in making this improvement, and that the village board paid the other bills so incurred, and we cannot presume that all this was done without approval of the commissioner and

without the proper action of the committee, in the absence of any evidence tending to show that such was the case, or any such defense alleged in the pleadings.

A claim for a considerable amount against the defendant that had been filed and allowed in favor of the plaintiff was offered in evidence, and it is insisted that this claim covered the services that the plaintiff is now suing for, or at least that it shows that he is suing for services in superintending the very work which he himself performed and has been paid for, but this contention is not supported by the evidence. The evidence is not as clear and satisfactory as might be desired. The verdict was for $242.10, which would pay for nearly 50 days' work, and the plaintiff has not furnished any itemized statement of the time which he devoted to this service, but there is no evidence contradicting his general statement that he was employed at least 60 days, and we cannot see that the verdict is wholly unsupported by the evidence.

The judgment of the district court is

AFFIRMED.

BARNES and FAWCETT, JJ., dissent.

REESE, C. J., not sitting.